IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MICHAEL TYRONE WILSON,** | § | |
| **TDCJ No. 00921351,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-22-CV-262-KC** |
| | § | |
| **BOBBY LUMPKIN,** | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Michael Tyrone Wilson challenges Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 1.[1] His opposed petition is denied for the following reasons.

**BACKGROUND AND PROCEDURAL HISTORY**

On September 28, 1999, Wilson unlawfully took a television from an elderly woman, Marie Brogna. Clerk's R., ECF No. 12-1 at 4. During the robbery, he shoved Brogna into a wall and caused an injury to her leg. *Id*. He was convicted by a Dallas jury of aggravated robbery of an elderly person, in violation of Texas Penal Code § 29.03. *Wilson v. State*, No. 05-00-00722-CR, 2001 WL 100154, at *1 (Tex. App.—Dallas Feb. 7, 2001, pet. ref'd). On April 18, 2000, he was sentenced to 25 years' imprisonment. Pet'r's Pet., ECF No. 1 at 2.

Wilson was released to parole on February 27, 2013. Resp't's Resp., Ex. A, ECF No. 13-1 at 3. He was arrested for parole violations—possessing methamphetamine, assaulting another

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

causing bodily injury, and failing to reside in a place approved by his supervising officer—on December 22, 2019. *Id.*, Ex. A, ECF No. 13-1 at 4; *id.*, Ex. C, ECF No. 13-3 at 6. He was advised of his rights during the revocation process. *Id.*, Ex. C, ECF No. 13-3 at 5. He participated in a preliminary hearing to determine if adequate grounds existed to find he had violated the conditions of his supervised release on January 28, 2020. *Id.*, Ex. C, ECF No. 13-3 at 9–19. He was recommended for a revocation hearing, which he waived. *Id.*, Ex. C, ECF No. 13-3 at 19, 23. His parole was revoked by the Texas Board of Pardons and Paroles (the Board) on April 1, 2020. *Id.*, Ex. A, ECF No. 13-1 at 4; *id.* Ex. C, ECF No. 13-3 at 29.

Wilson has a state writ application challenging the parole revocation currently pending before the Texas Court of Criminal Appeals. Resp't's Resp., Ex. B, ECF No. 13-2 at 2. Despite this, he seeks the Court's intervention in his case through a federal petition. He asserts the parole officer's testimony at his revocation hearing "was the exact opposite of [the] official documented incident report . . . submitted by her supervisor." Pet'r's Pet., ECF No. 1 at 6. He also suggests a halfway house employee colluded with the parole officer to claim he did not have permission to leave the facility to participate in vocational rehabilitation training funded by the Department of Veterans Affairs. *Id.* He argues the evidence against him "was presented 'out of context.'" *Id.* at 7. He further asserts a second parole officer made a false statement against him. *Id.* He asks the Court to order the Board to reinstate his parole "with all credit for street time from 27 February 2013 to April [1,] 2020." *Id.*

## APPLICABLE LAW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It

"is designed to guard against extreme malfunctions in the state criminal justice system." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Consequently, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They may grant § 2254 relief only when a petitioner successfully raises a federal issue. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). And they must find (1) the state court adjudicated the federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011). They must defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). They must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). They must accept state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

**ANALYSIS**

**A. Exhaustion**

Wilson has a state habeas application pending in the Texas Court of Criminal Appeals. Resp't's Resp., Ex. B, ECF No. 13-2 at 2.

Exhaustion of all remedies available in the state system is a *prerequisite* for obtaining § 2254 relief. 28 U.S.C. §§ 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)). It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." *Ex parte Royall*, 117 U.S. 241, 251 (1886).

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing his petition in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In other words, a petitioner must present the same facts and legal theories to the state's highest court—and have his claims resolved—before he submits his claims in a petition to a federal court. *Picard*, 404 U.S. at 275–77. "[I]t is not enough . . . that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id*. at 259 (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)).

In Texas, the Court of Criminal Appeals is the highest court for criminal matters. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Consequently, a Texas prisoner may

only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review, pursuant to Texas Rule of Appellate Procedure 69.1—or a state habeas corpus proceeding, pursuant to Texas Code of Criminal Procedure article 11.07. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Wilson's state habeas application challenging his parole revocation—and his loss of street-time credit—is still pending in the Texas Court of Criminal Appeals. Resp't's Resp., Ex. B, ECF No. 13-2 at 2. Furthermore, Wilson's claims in his state application differ substantially from those he raised in his federal petition. *Compare* State Writ R., ECF No. 12-15 at 32–47; Pet'r's Pet., ECF No. 1 at 6–7. As a result, Wilson fails to satisfy the exhaustion requirement. But even if Wilson had exhausted his claims in the Court of Criminal Appeals, his federal petition is still untimely.

### B. Timeliness

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that claims under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)−(D).

"[A] properly filed application for State post-conviction or other collateral review" tolls the limitations period. *Id.* § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance [comply] with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for " 'garden variety claims of excusable neglect.' " *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only " 'in rare and exceptional circumstances.' " *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, " 'or is prevented in some extraordinary way from asserting his rights.' " *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Indeed, " '[e]quity is not intended for those who sleep on their rights.' " *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, " '[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.' " *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

The petitioner has the burden of proving his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

6

Wilson does not attack his aggravated robbery of an elderly person conviction—and a parole panel's "decision cannot be deemed a judgment." *Heiser v. Johnson*, 263 F.3d 162, at *2 (5th Cir. 2001) (citing 28 U.S.C. § 2244(d)(1)(B)). He does not suggest an unconstitutional "State action" prevented him from filing for federal relief. 28 U.S.C. § 2244(d)(1)(B). His claims do not concern a constitutional right recently recognized by the Supreme Court and made retroactive to cases on collateral review. *Id*. § 2244(d)(1)(C). Consequently, his one-year period limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D).

Wilson claimed "[p]andemic safety measures and subsequent stay at home protocols delayed production and acquisition of necessary documentation to engage in proper due diligence." Pet'r's Pet., ECF No. 1 at 9. But he provided no documentation with his petition. And in his petition he questioned the testimony of two parole officers and an employment specialist at his preliminary revocation hearing. *Id*. at 6–7. Wilson was present during the hearing when the witnesses he now attacks testified. Resp't's Resp., Ex. C, ECF No. 13-3 at 10. He did object at his hearing to the inclusion of several items in his criminal history. *Id*. But he did not attack the credibility of the witnesses. So, he should have discovered the factual predicate for his claims through the exercise of due diligence at his preliminary hearing or no later than April 2, 2020—the day he acknowledged receipt of the revocation hearing report. *Id*., Ex. C, ECF No. 13-3 at 28. While it is indisputable that the COVID-19 pandemic caused disruptions, Wilson failed to specify how it prevented him from timely filing his § 2254 petition. Consequently, he had one year—or until April 2, 2021—to submit a federal petition unless he filed a state writ application which tolled the limitations period. 28 U.S.C § 2244(d)(2). Yet he delayed filing his undated federal

petition until August 2, 2022. Pet'r's Pet., ECF No. 1 at 9. Therefore, he submitted his federal

petition more than one year and four months beyond the statutory deadline.

Wilson did file a state writ application on May 6, 2022. State Writ R., ECF No. 12-15 at 32.

But this was more than a year after the federal limitations period had run on April 2, 2021. As a

result, his "state habeas application did not toll the limitation period under § 2244(d)(2) because it

was not filed until after the period of limitation had expired." *Scott v. Johnson*, 227 F.3d 260, 263

(5th Cir. 2000).

Wilson has not demonstrated any rare and exceptional circumstances stood in his way of

timely filing a § 2254 motion. *Lawrence*, 549 U.S. 327, 336. He has not shown he acted diligently

while pursuing habeas relief in either the state or federal courts. *Id*. Consequently, he has not met

his burden of proving an entitlement to equitable tolling. *Phillips*, 216 F.3d at 511. Still, even if

Wilson had exhausted his claims and timely filed his federal petition, he would not be entitled to

the relief he seeks.

### C.  Street-time Credits

Wilson asks the Court to order the "reinstatement of parole with all credit for street time

from 27 February 2013 to April 2020." Pet'r's Pet., ECF No. 1 at 7.

A prisoner is not guaranteed "good time credit for satisfactory behavior while in prison"

under the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). He also

does not have a right to apply street time accumulated while on conditional release toward his

sentence upon his return to prison for a parole violation. *Newby v. Johnson*, 81 F.3d 567, 569

(5th Cir. 1996); *Starnes v. Connett*, 464 F.2d 524, 524 (5th Cir. 1972). His interest in good time

credit is embraced within the Fourteenth Amendment's liberty concerns only "when a state creates

a right to good time credit." *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). So, when the state creates such a right, a prisoner may be entitled "to those minimum procedures appropriate under the circumstances and required by the due process clause to [e]nsure that this state-created right is not arbitrarily abrogated." *Id.*

Under Texas law, eligibility for street-time credit is determined by the statute in effect at the time of revocation. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). Before September 2001, Texas Government Code § 508.283 specified forfeiture of street-time credit was an automatic consequence of parole revocation. *Ex parte Spann*, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004). In 2001, Texas Government Code § 508.283 was amended to specify that only certain violent offenders would forfeit street-time credit if their parole was revoked. *Id.* at 393–94. Section 508.283 states in part:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code Ann. § 508.283(b) (West). Texas Government Code § 508.149(a) includes individuals with convictions for aggravated robbery of an elderly person in violation of Texas Penal Code § 29.03 in the group of persons ineligible for street-time credit. Tex. Gov't Code Ann. § 508.149 (West).

The Court accordingly finds that Wilson is not entitled to credit for his street-time while on parole under Texas law because he is a violent offender with a conviction for a violation of Texas Penal Code § 29.03. It further finds Wilson cannot show he "is in custody in violation of the Constitution or laws or treaties of the United States" because he cannot identify a violation of his

9

federal rights. 28 U.S.C. § 2254(a); *Preiser*, 411 U.S. 475 at 484–87. He is therefore not entitled to relief under § 2254.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). And a petitioner may not obtain a certificate of appealability unless he first makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Consequently, when a court rejects a claim on the merits, a petitioner must demonstrate "that reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court rejects a petition solely on procedural grounds, a petitioner must show that "jurists of reason would find it debatable" (1) whether his petition states a valid constitutional claim, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Wilson's claims on procedural or substantive grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Wilson has failed to exhaust his state remedies, his petition is time barred and he is not entitled to equitable tolling, and he is not entitled to the relief he seeks. The Court further concludes that Wilson is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Wilson's *pro se* "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Wilson is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 2nd day of November, 2022.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

11